“The case again[1] comes before the court, this time on cross-motions for summary judgment. Defendant asks, in the alternative, that the case be stayed indefinitely.
“What plaintiff seeks is less clear. The merits concern the rights of holders of bonds issued by Morris and Esses Railroad Company and secured by a first lien on the property of the Erie-Lackawanna Railroad Company (Erie) to immediate redress in this court for alleged Fifth Amendment takings. The Erie is presently in reorganization and subject to the Regional Rail Reorganization Act of 1973 (Rail Act), 45 U.S.C. § 701 et seq., as amended by Railroad Revitalization and Regulatory Reform Act of 1976 (RRRRA), P.L. 91-210 (Feb. 5, 1976).
“Plaintiff-bondholder originally sought compensation, in the form of payment of the face amount of bonds plus interest, for both forced conveyance of Erie assets to ConRail and erosion of these assets because of continued forced, deficit operations. In his final brief, however, plaintiff seems to have given up claim to the erosion taking and concentrates instead on the conveyance taking.
*551 “Considering the parties’ motions, the court holds that defendant’s motion requesting an indefinite stay should be granted and plaintiff’s motion denied. The primary reasons for a stay are judicial economy and the fact that this entire action is premature. The intent of Congress, expressed in the Eail Act, the RRRRA, and elaborated upon in the Report of the Committee of Conference on S. 2718 (the RRRRA), S. Rep. No. 94-595, 94th Cong., 2d Sess. (1976), is that actions such as this one in the Court of Claims should be stayed ‘until the Special Court has ordered the distribution of the securities and the certificates of value and compensation’ pursuant to the Act. S. Rep. No. 94-595, supra at 205-06. It remains to be considered at a later date whether plaintiff, if he in fact has a cause of action separate from that of the Trustees in Bankruptcy of Erie, will be due compensation over and above that granted to the railroad company by the Special Court.
“it is therefore ordered, upon consideration of the briefs and without oral argument, that plaintiff’s and defendant’s motions for summary judgment are denied. Defendant’s alternative motion for an indefinite stay of proceedings is granted.
“it is further ordered that, six months from the date of this order, plaintiff’s attorney inform the court by letter to the Clerk of the status of proceedings before the Special Court concerning the Erie-Lackawanna Railroad Company.”
On February 4,1977 the court denied plaintiff’s suggestion for rehearing enbanc and motion for rehearing.

 On March i2, 1976, the court denied plaintiff’s request for prompt review of a trial Judge’s order. Order of March 12, 1976. Ct. Cl. No. 63-75.